UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KARLA JOHANA MEJIA RIVERA,** | Civil Action No. 25-18063 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **JONATHAN FLORENTINO, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Karla Johana Mejia Rivera. (ECF No. 1). Respondents Acting Immigration and Customs Enforcement ("ICE") Newark Field Office Director Jonathan Florentino, ICE Acting Director Todd M. Lyons, and Department of Homeland Security ("DHS") Secretary Kristi Noem oppose the Petition. (ECF No. 6).

This Court will determine the Petition on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Petition is dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is a citizen of Honduras. (ECF No. 1 ¶ 13). She entered the United States on January 28, 2015 at the port of entry in Ysleta, Texas with her two minor children. (ECF No. 6 at 10). She was inspected and interviewed by Border Patrol pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1-6 at 3). Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of a valid entry documents. (*Id.* at 1-2). Border Patrol concluded that Petitioner was subject to expedited removal pursuant to § 1225(b)(1). Petitioner claimed a fear that she and her family would be subject to persecution if they returned to Honduras. (*Id.* at

7). According to Petitioner, she was issued a "legally insufficient Notice and Order of Expedited Removal" and released into the United States. (ECF No. 1 ¶ 68). She was required to report to ICE's Newark office as well as other reporting requirements. (*Id.*) On August 31, 2016, she was released on her own recognizance pursuant to 8 U.S.C. § 1226. (ECF No. 1-7). Petitioner asserts that she has complied with all reporting requirements. (ECF No. 1 ¶ 70).

On September 8, 2025, Petitioner received a notice directing her to appear at the ICE Newark office for a credible fear interview. (*Id.* ¶ 71; ECF No. 1-14). The asylum officer concluded on September 25, 2025 that Petitioner did not have a credible fear of persecution or torture and ordered Petitioner's removal pursuant to § 1225(b)(1). (ECF No. 1-10). She was ordered to appear before an immigration judge on September 29, 2025 for a review of the credible fear determination. (*Id.* at 3). The Immigration Judge affirmed the negative credible fear determination. (ECF No. 1 ¶ 76). Petitioner was ordered to return to Newark ICE office on December 29, 2025 with proof of flight tickets leaving the United States. (*Id.* ¶ 77).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner is located within this Court's jurisdiction and is in custody within this Court's jurisdiction. Therefore, this Court has jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III.   DISCUSSION

Petitioner argues that she is being unlawfully detained pursuant to § 1225(b) because she has resided in the United States for over ten years and was apprehended inside the country. (ECF No. 1 at 19). She asserts that she may only be detained pursuant to § 1226(a). (*Id.*) She also argues the policy expanding expedited removal beyond the statutory two years violates the Administrative Procedure Act. (*Id.* at 20).

First, Petitioner is not being detained. She has been released on her own recognizance subject to restrictions imposed by ICE. (ECF No. 1-7). Although she is "in custody" for habeas purposes, she is not "detained" under the standard definition of the word. *See Jimenez Perez v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3000, 2025 WL 1478386, at *2 (D.N.J. May 21, 2025) ("[I]t is the final order of removal that imposes substantial restraints on liberty and meets the 'in custody' requirement." (emphasis omitted)).

Second, Petitioner is subject to a final order of removal. "[I]n the deportation context, a 'final order of removal' is a final order concluding that the alien is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (internal quotations omitted). "An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review." *Duyzings v. Warden, FCI Fort Dix*, No. 23-cv-21574, 2024 WL 1406647, at *3 (D.N.J. Apr. 2, 2024); *see also* 8 C.F.R. § 235.3(b)(2)(ii) (a noncitizen issued a notice and expedited order of removal under § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an immigration judge or the Board of Immigration Appeals). Immigration Judge Nicole Lane issued a final order on September 29, 2025. (ECF No. 6-1). Accordingly, if any detention statute applies to Petitioner, it is the statute governing post-final orders of removal detention, 8

U.S.C. § 1231. *See Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025).

Petitioner asks the Court to rescind the expedited removal order because ICE is seeking removal beyond the statutory two-year limit. (ECF No. 1 at 20-21). She argues her removal violates the Administrative Procedure Act. (*Id.*) "[T]he Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ... authorizes noncitizens to obtain direct 'review of a final order of removal' in a court of appeals." *Nasrallah*, 590 U.S. at 579 (quoting 8 U.S.C. § 1252(a)(1)). Additionally, the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus ... ." *Id.* at 580. "[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal" and "includes all matters on which the validity of the final order is contingent." 8 U.S.C. § 1252(a)(5); *Nasrallah*, 590 U.S. at 582 (internal quotation marks omitted). This Court does not have jurisdiction to provide Petitioner's requested relief as it cannot review the validity of the final order.

## IV. CONCLUSION

For the reasons stated above, this Court will dismiss the Petition for lack of jurisdiction. An appropriate order follows.

Date: December 30, 2025

Hon. Susan D. Wigenton
United States District Judge

4